```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON and MITCHELL TAYLOR BUTTON.,

                              Plaintiffs,

-against-

JULIET DOHERTY, et al.,

                              Defendant.

**ORDER ON IN FORMA PAUPERIS APPLICATIONS**

24-CV-5026 (JPC) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

On August 21, 2024, Plaintiffs filed applications to proceed *in forma pauperis* ("IFP applications"). (*See* ECF Nos. 15-16.) Plaintiffs also filed a motion to seal an exhibit they included with their IFP applications because the exhibit contains personal financial information. (ECF No. 14.)

The Court first notes that Plaintiffs paid the filing fee in this case on July 11, 2024. To the extent Plaintiffs are submitting IFP applications in order to receive a PACER fee exemption, such an exemption is unnecessary because parties to a case receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically in the case to which they are a party. *See Electronic Public Access Fee Schedule*, UNITED STATES COURTS (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Therefore, Plaintiffs already receive one free copy of all documents filed in this case.

As for Plaintiffs' request to seal Exhibit C of the IFP applications, the information contained in Exhibit C does not justify sealing. *See generally*, *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Conclusory assertions that the information is sensitive and non-public is insufficient to overcome the strong presumption of the public's right to access this information. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *7 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023). *In forma pauperis* applications are routinely filed without being placed under seal. However, if Plaintiffs would like the Court to strike the IFP applications from the docket in their entirety, the Court can do so. Unless the Court is instructed otherwise by **September 25, 2024**, the Court will strike the IFP applications from the docket.

Plaintiffs' motion to seal is DENIED. **The Clerk of Court is instructed to terminate the motion at ECF No. 14.**

Dated: New York, New York
September 4, 2024

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge