USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON and MITCHELL TAYLOR BUTTON.,

                      Plaintiffs,

-against-

JULIET DOHERTY, KRISTA KING-DOHERTY and LUIS PONS,

                      Defendants.

**ORDER ON MOTION FOR ALTERNATIVE SERVICE**

**24-CV-5026 (JPC) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

On September 4, 2024, Plaintiffs filed a motion for alternative service seeking to serve Defendants Juliet Doherty and Krista King-Doherty via overnight mail and/or email. (ECF No. 20.)

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual located in the United States may be served pursuant to the law of the forum state or the state in which service is effectuated. Fed. R. Civ. P. 4(e)(1). As this case was brought in New York, defendants may be served pursuant to New York law. Section 308 of the New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") provides that an individual may be served personally or by delivering the summons "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served[.]" N.Y. C.P.L.R. §§ 308(1) – (2). If service under these two methods "cannot be made with due diligence," service may be effectuated by "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by [] mailing" the summons to the individual's last known residence. N.Y. C.P.L.R. §§ 308(4). The

due diligence standard is not defined by statute but is applied on a case-by-case basis. *Est. of Waterman v. Jones*, 843 N.Y.S.2d 462, 464 (N.Y. App. Div. 2007).  Courts in New York have found due diligence to be satisfied with "a few visits on different occasions and at different times to the defendant's residence or place of business when the defendant could reasonably be expected to be found at such location at those times[.]" *Ramirez v. Escobar*, 213 N.Y.S.3d 418, 420 (N.Y. App. Div. 2024) (collecting cases).

Here, the process server made five attempts to serve Defendants Krista King-Doherty and her daughter Juliet Doherty at Ms. King-Doherty's residence in Sandia Park, New Mexico. (*See* ECF No. 20, Exhibit ("Ex.") B.)  Plaintiffs assert that Juliet Doherty is frequently at her mother's residence.  The attempts at service were made at times when Defendants could reasonably have been expected to be found there, including early weekday mornings, weekday evenings, and a weekday afternoon.  *See Wilmington Tr. Co. v. Gewirtz*, 147 N.Y.S.3d 606, 608 (2021) (finding plaintiff satisfied due diligence because there were four attempts to serve the defendants including "on a late weekday evening, an early weekday morning, a weekend evening, and a weekday afternoon").  Indeed, the process server's affidavit states that on each instance of attempted service, he observed two vehicles in the driveway, and on two instances, he saw an individual inside the house peeking outside the window.  (*See* ECF No. 20, Ex. B.)

Accordingly, Plaintiffs' motion for alternative service is GRANTED.  For both Krista King-Doherty and Juliet Doherty, Plaintiffs shall affix the summons and complaint "to the door of either the actual place of business, dwelling place or usual place of abode" for each defendant, and shall mail the summons and complaint to each defendant's last known residence.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.**

Dated: New York, New York

September 9, 2024

SO ORDERED.

*Katharine H Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge