```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON and MITCHELL TAYLOR BUTTON.,

                          Plaintiffs,

-against-

JULIET DOHERTY, KRISTA KING-DOHERTY and LUIS PONS,

                          Defendants.

24-CV-5026 (JPC) (KHP)

ORDER ON MOTION FOR PACER FEES EXEMPTION

**KATHARINE H. PARKER, United States Magistrate Judge.**

On December 16, 2024, *pro se* Plaintiffs filed a motion for a PACER fees exemption. (ECF No. 48.)   Plaintiffs provide the following reasons justifying the fee exemption: (1) Plaintiffs have not always been able to successfully download a copy of all documents, causing them to need to access documents a second time and incur fees; (2) Plaintiffs have been locked out of PACER due to nonpayment; (3) Plaintiffs require access to PACER to research opinions from other cases to support their legal arguments.

"To ensure adequate funding for PACER, users are charged fees for accessing documents or performing other tasks on the system." *Oliva v. Brookwood Coram I*, LLC, No. 14-cv-2513 (JMA) (AYS), 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015).  PACER fees are set forth in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States Courts.  *See Electronic Public Access Fee Schedule*, United States Courts (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Generally, users are charged a fee of 10 cents per page (up to a maximum of 30 pages) for accessing dockets, case documents, transcripts or reports on PACER.  *Id.*  The usage fee is

automatically waived for accessing judicial opinions and any information or documents viewed at a courthouse public access terminal.  *Id.*  There is also an automatic fee exemption for pro se litigants.  *Id.* ("[p]arties in a case (including pro se litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.").

Courts may exercise their discretion to grant additional exemptions, but the party seeking a discretionary exemption "must demonstrate that an exemption beyond the four automatic exemptions 'is necessary ... to avoid unreasonable burdens and to promote public access to information.'" *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99-100 (S.D.N.Y. 2014)). Examples of individuals that a court may consider for a PACER fee exemption include indigents, bankruptcy case trustees, pro bono attorneys, pro bono alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions.  *See Electronic Public Access Fee Schedule*, UNITED STATES COURTS (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.  Courts should not exempt individuals that have the ability to pay the statutorily established fee. *Id.*

Courts have found litigants failed to justify granting a PACER fee exemption when they provide no explanation as to why the automatic exemptions are insufficient. *See Oliva*, 2015 WL 1966357, at *2 (denying plaintiff's request for a PACER fees exemption because plaintiff did not explain how the automatic fees exemptions were insufficient); *Gonzalez v. Connecticut Dep't of Correction*, No. 3:20-CV-00736 (VAB), 2020 WL 12894137, at *3 (D. Conn. Nov. 13, 2020) (same).

Here, Plaintiffs have provided several reasons why the automatic PACER fee exemptions are insufficient and have represented that they cannot afford the PACER fees. The Court finds that Plaintiffs fall within the class of users eligible for a fee exemption and that they have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information.

Accordingly, Plaintiffs shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this Court with respect to case number 1:24-cv-05026, in which they are the Plaintiffs.[1] Plaintiffs shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiffs, and is valid only for the purposes stated above.

2. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system.

3. By accepting this exemption, Plaintiffs agree not to sell for profit any data obtained as a result of receiving this exemption.

4. Plaintiffs are prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases.

---

[1] To the extent Plaintiffs are seeking a PACER fees exemption for documents filed in other cases for the purposes of legal research, that request is overbroad. Legal research is not the primary purpose of PACER. It is atypical for litigants to be given free access to documents filed in cases in which the litigant is not a party. Further, one of PACER's automatic exemptions is that no fee is charged for access to judicial opinions. Thus, Plaintiffs are already able to obtain free copies of judicial opinions on PACER. The Court also advises Plaintiffs that there are many free resources available for legal research, including Justia and CourtListener. Harvard Law School has compiled a list of free legal resources at the following link: https://guides.library.harvard.edu/law/free.

5. This exemption is valid retroactively to June 27, 2024 until December 20, 2025.

This exemption may be revoked at the discretion of the Court at any time.  A copy of this Order shall be sent to the PACER Service Center.

Dated: December 20, 2024

    New York, New York

                           **SO ORDERED.**

_____
KATHARINE H. PARKER
United States Magistrate Judge