# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-60911-LEIBOWITZ/AUGUSTIN-BIRCH

DUSTY BUTTON and
MITCHELL TAYLOR BUTTON,

     *Plaintiffs*,

*v.*

SIGRID MCCAWLEY,

     *Defendant*.

_____/

## ORDER

**THIS CAUSE** is before the Court on *Pro se* Plaintiffs Dusty Button and Mitchell Taylor

Button's (collectively, "Plaintiffs" or "the Buttons") Motion for Leave to File a Second Amended

Complaint in Compliance with Court Orders (the "Motion") [ECF No. 55], filed on March 18, 2025.

Defendant Sigrid McCawley ("Defendant" or "Ms. McCawley") submitted a response to the Motion

(the "Response") [ECF No. 59], and Plaintiffs submitted a reply (the "Reply") [ECF No. 60]. The

Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the

reasons stated below, the Motion [ECF No. 55] is **DENIED**.

## I.    BACKGROUND

On May 28, 2024, Plaintiffs filed their original Complaint in this action. [ECF No. 1]. This

case arises from Ms. McCawley's representation of her clients in a case against Plaintiffs filed in the

District of Nevada. Plaintiffs now bring this suit against Ms. McCawley, alleging that she transmitted

and published intentionally false and defamatory statements about them in relation to the District of

Nevada case. On June 24, 2024, Defendant moved to dismiss. [ECF No. 9]. On July 12, 2024,

Plaintiffs filed an Amended Complaint. [ECF No. 13]. Defendant again moved to dismiss the

Amended Complaint on July 26, 2024. [ECF No. 24]. On January 8, 2025, the Court granted in part and denied in part Defendant's motion to dismiss. [ECF No. 50 at 21]. The Court also denied without prejudice Defendant's request for attorneys' fees and costs under Florida's Anti-SLAPP statute. [*Id.* at 20–21]. The Court dismissed eight of the alleged defamatory statements with prejudice—Statements 1 through 6, Statement 13, and Statement 14—because those claims were time-barred. [*Id.* at 9]. The Court also dismissed the Buttons' remaining claims regarding Statements 7 through 12 without prejudice to allow Plaintiffs a final opportunity to amend their complaint if they can. [*Id.* at 13].

On March 18, 2025, Plaintiffs filed this Motion seeking leave to file a Second Amended Complaint. [ECF No. 55]. Plaintiffs contend that their Second Amended Complaint corrects their complaint in accordance with the Court's January 8, 2025, Order by "demonstrat[ing] facts which support the Defendant acted with actual malice and to support their claims of defamation proving the statements were not inactionable statements of opinion." [*Id.* at 3]. Plaintiffs note that "[t]he Second Amended Complaint does not add any new factual allegations but does add a new cause of action for fraudulent misrepresentation."[1] [*Id.*]. Defendant argues in response that the Second Amended Complaint "does nothing to cure the deficiencies identified in the Court's dismissal order. Rather than set forth facts sufficient to allege that Ms. McCawley's alleged statements were statements of actionable fact made with actual malice, the [Second Amended Complaint] adds only *ad hominem* attacks and irrelevant distractions." [ECF No. 59 at 7]. Thus, Defendant argues that amendment is futile and the claims against her should be dismissed with prejudice. [*Id.*].

The Second Amended Complaint alleges the following counts: defamation per se (Count I), intentional infliction of emotional distress (Count II), civil conspiracy (Count III), and prima facie

---

[1]     The Court notes that the Second Amended Complaint does not include a cause of action for fraudulent misrepresentation. [*See generally* ECF No. 55-2].

defamation (Count IV).   [ECF No. 55-2].   For background and convenience, what follows are the remaining alleged defamatory statements in the Second Amended Complaint.

### A.   Alleged Defamatory Statements

### Statement 7: McCawley's Statement to Good Morning America - May 27, 2022

*"I am incredibly proud to be representing this group of survivors in the dance community as they battle for justice."*

[*Id.* at 54–56].

### Statement 8: McCawley's Statements to The Bleacher Report/NBC News and Yahoo.com - July 21, 2022

*"Sage had a business relationship with Mr. Katz and there was never any sexual relationship between them. As is typical of abusers facing serious litigation, with four walls of facts closing in, the Buttons have filed counterclaims that distract from and distort the truth.  Abusers often try to weaponize the allegations brought against them, and that's exactly what is happening here,"* she said.   *"The counterclaims the Buttons have filed falsely and recklessly implicate others, including Daryl Katz, and are a factually unfounded attempt to portray the women they abused as liars."*

[*Id.* at 56–58].

### Statement 9: McCawley's Statements to The Daily Mail and Meaww.com - September 28, 2022

*The accusers' attorney Sigrid McCawley said in a statement, "As put forth in our complaint, Dusty and Taylor Button assaulted seven different dancers, including women who have chosen to make their claims anonymously.  The Buttons' on-their-heels assertion now that seven different women made up detailed and harrowing accounts of abuse for fame is absurd."*

*McCawley added, "A judge in Boston granted Sage Humphries a permanent restraining order against the Buttons after hearing her testimony, and stated that he 'fully credited' her testimony making clear that he was satisfied 'beyond a reasonable doubt' that the Buttons' conduct amounted to abuse under the criminal laws.  The Buttons are not*

3

*only engaging in shameless victim-blaming, but they are also intentionally violating the Boston court's restraining orders, which mandated them to surrender information that they stole from Ms. Humphries' cell phone to the Boston Police Department. The Buttons are abusers of young vulnerable women who were in their sphere of influence as aspiring dancers and now the rule of law."*

[*Id.* at 58–65].

**Statement 10: McCawley's Statements to Cosmopolitan Online Magazine - March 7, 2023**

*The plaintiffs' counsel Sigrid McCawley, managing partner at Boies Schiller Flexner LLP and a leading victims' rights attorney, is eager for the trial to begin. "We look forward to putting the women's case before a jury, which will hear the facts of the abuse they suffered while pursuing their dreams as dancers and not the fiction the Buttons are peddling in an act of desperation," she told Cosmopolitan following a February hearing.*

[*Id.* at 65–66].

**Statement 11: McCawley's Statements on NBC Miami, "How Sigrid McCawley helped bring down Jeffrey Epstein" - January 29, 2024**

*"Most recently we're doing a case on some ballerinas that had been victimized, some of them with the Boston Ballet, so the work has been pro bono in this case, and the commitment of the firm has been astronomical."*

[*Id.* at 67–68].

**Statement 12: McCawley's Biography on the Boies Schiller & Flexner LLP Website – Date Unknown**

*"She is also presently representing pro bono a group of ballerinas in their efforts to hold their abusers accountable on sex trafficking charges."*

[*Id.* at 68–69].

## II. LEGAL STANDARD

4

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course," and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15(a) also provides that "[t]he court should freely give leave when justice so requires." *Id.* Even so, granting leave to amend is not automatic. *Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 859–60 (11th Cir. 1982). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile." *Campbell v. Emory Clinic,* 166 F.3d 1157, 1162 (11th Cir. 1999).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citing *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)). When a claim, as amended, is "insufficient as a matter of law," a motion for leave to amend can be properly denied as futile. *Id.* The test applied to determine futility of an amended complaint is the same as that applied under Rule 12(b)(6) of the Federal Rules of Civil Procedure governing dismissal for failure to state a claim. *See Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011).

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), generally a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

The Court notes that *pro se* plaintiffs are generally held to a more liberal standard of pleading under the Federal Rules. The Court has a duty to "liberally construe a pro se litigant's assertions[.]" *See Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (cleaned up). Nevertheless, even *pro se* litigants must meet certain minimal standards of pleading. *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). The Court is not required to abrogate the basic pleading essentials or conjure up unpled allegations simply because a plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983).

Through this lens, the Court considers the Motion.

## III.    DISCUSSION

Defendant argues in its Response to the Motion that amendment is futile. [ECF No. 59 at 7]. Defendant advances two principal arguments: (1) the proposed prima facie defamation claim (Count

IV) is futile because Ms. McCawley's statements are inactionable matters of opinion, and the Buttons must plead actual malice and fail to do so; and (2) the other proposed claims are futile under Florida's single publication/single action rule and for additional reasons. The Court will consider each argument in turn.

### A. Proposed Prima Facie Defamation Claim (Count IV)

Defendant first argues that the proposed prime face defamation claim is futile because, as the Court already held in its January 8, 2025, Order [ECF No. 50], Ms. McCawley's statements are inactionable opinion. [*Id.* at 13]. Defendant contends that Plaintiffs do not—and cannot—allege any new facts in their Second Amended Complaint that alter this conclusion. [*Id.*]. Without citing any law in support of this argument, Plaintiffs argue in their Reply that "[a]ll of Ms. McCawley's statements can be proven false and therefore, it is impossible for her statements to be a matter of 'pure opinion' or 'inactionable' and they are absolutely defamatory by truth." [ECF No. 60 at 10]. Defendant also argues that because Plaintiffs are public figures, they must plead actual malice to state a claim for defamation and fail to do so. [ECF No. 59 at 17–22]. Plaintiffs argue in their Reply that Ms. McCawley acted with actual malice and that they are not public figures. [ECF No. 60 at 7–11].

The Court first considers Defendant's first argument—that Ms. McCawley's statements are inactionable matters of opinion. Defendant argues that "[w]here, as here, an attorney comments on her client's publicly accessible allegations, her statements reflect her 'subjective assessment of the merits' of the case and are inactionable opinion." [ECF No. 59 at 13 (quoting *Vibe Ener v. Duckenfield*, 2020 WL 6373419, at *8 (S.D. Fla. Sept. 29, 2020)]. The Court agrees and finds that Ms. McCawley's statements are inactionable matters of opinion for the same reasons as it did in its January 8, 2025, Order [ECF No. 50].

"[S]tatements of pure opinion are protected from defamation actions by the First Amendment." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). In other words, "[s]tatements of

pure opinion are not actionable." *Blake v. Giustibelli*, 182 So. 3d 881, 884 n.1 (Fla. Dist. Ct. App. 2016). "Under Florida law, a defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader or listener as a member of the public." *Turner*, 879 F.3d at 1262 (citing *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. Dist. Ct. App. 1981)). "Mixed expression of opinion occurs when an opinion or comment is made which is based upon facts regarding the plaintiff or his conduct that have not been stated in the publication or assumed to exist by the parties to the communication." *From*, 400 So. 2d at 57; *Stembridge v. Mintz*, 652 So. 2d 444, 446 (Fla. Dist. Ct. App. 1995).

Whether the statement is one of fact or opinion and whether a statement of fact is susceptible to defamatory interpretation are questions of law for the court. *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 715 (11th Cir. 1985); *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1379 (S.D. Fla. 2006); *From*, 400 So. 2d at 56–57. When making this assessment, a court should construe statements in their totality, with attention given to any cautionary terms used by the publisher in qualifying the statement. *Keller*, 778 F.2d at 717. It is also the court's function to determine "whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion about the plaintiff or his conduct." *Stembridge*, 652 So. 2d at 446 (quoting Restatement (Second) of Torts § 566, comment c).

In Statement 7, Ms. McCawley states: "I am incredibly proud to be representing this group of survivors in the dance community as they battle for justice." [ECF No. 55-2 at 54]. Ms. McCawley's statement here is "based on facts which are set forth in the publication" and "which are otherwise known or available to the reader or listener as a member of the public." *Turner*, 879 F.3d at 1262. Statement 7 was made in a Good Morning America interview that is clearly referring to the lawsuit in the District of Nevada, and the facts of that lawsuit are discussed in the interview and can be found

on the District of Nevada case docket. Therefore, the Court finds that Statement 7 is pure opinion and thus protected by the First Amendment.

      In Statement 8, Ms. McCawley states:

> Sage had a business relationship with Mr. Katz and there was never any sexual relationship between them. As is typical of abusers facing serious litigation, with four walls of facts closing in, the Buttons have filed counterclaims that distract from and distort the truth. Abusers often try to weaponize the allegations brought against them, and that's exactly what is happening here … The counterclaims the Buttons have filed falsely and recklessly implicate others, including Daryl Katz, and are a factually unfounded attempt to portray the women they abused as liars.

[ECF No. 55-2 at 56]. Ms. McCawley's statement here is based on facts set forth in the Buttons' publicly available counterclaims and is also a "statement of pure opinion with respect to [Ms. McCawley's] subjective assessment of the merits" of the counterclaims in the District of Nevada litigation. *See Vibe Ener*, 2020 WL 6373419, at *8. Statement 8, therefore, is pure opinion and is not actionable as a matter of law.

      In Statement 9, Ms. McCawley states:

> As put forth in our complaint, Dusty and Taylor Button assaulted seven different dancers—including women who have chosen to make their claims anonymously. The Buttons' on-their-heels assertion now that seven different women made up detailed and harrowing accounts of abuse for fame is absurd.

> A judge in Boston granted Sage Humphries a permanent restraining order against the Buttons after hearing her testimony, and stated that he 'fully credited' her testimony making clear that he was satisfied 'beyond a reasonable doubt' that the Buttons' conduct amounted to abuse under the criminal laws. The Buttons are not only engaging in shameless victim-blaming, but they are also intentionally violating the Boston court's restraining orders, which mandated them to surrender information that they stole from Ms. Humphries' cell phone to the Boston Police Department. The Buttons are abusers of young vulnerable women who were in their sphere of influence as aspiring dancers and now the rule of law.

[ECF No. 55-2 at 58, 60–61]. Statement 9 references the complaint and a permanent restraining order issued by a judge, making it clear to the reader that Ms. McCawley is expressing her opinion on the merits of her clients' claims in the District of Nevada case. The Court thus finds that Statement 9 is

a statement of pure opinion. *See Turner*, 879 F.3d at 1262 ("Under Florida law, a defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader or listener as a member of the public."). Furthermore, Statement 9 is inactionable to the extent that it contains statements of fact that are "demonstrably true." *Vibe Ener*, 2020 WL 6373419, at *8. Ms. McCawley is quoting a judge's statements on the record. Thus, Statement 9 is also not actionable.

In Statement 10, Ms. McCawley states: "We look forward to putting the women's case before a jury, which will hear the facts of the abuse they suffered while pursuing their dreams as dancers and not the fiction the Buttons are peddling in an act of desperation." [ECF No. 55-2 at 66]. Again, the reference to the case and a jury makes clear that Ms. McCawley is sharing her opinion about the merits of her clients' case in the District of Nevada. Therefore, the Court finds that Statement 10 is pure opinion, protected by the First Amendment, and not actionable.

In Statement 11, Ms. McCawley states: "Most recently we're doing a case on some ballerinas that had been victimized, some of them with the Boston Ballet, so the work has been pro bono in this case, and the commitment of the firm has been astronomical." [*Id.* at 67]. First, this statement does not even reference the Buttons directly. This statement is clearly referring to a publicly accessible case and thus is commentary based on facts that are publicly available. Thus, the Court finds that Statement 11 is not actionable under the law of defamation.

Lastly, Statement 12 is an undated quote from Ms. McCawley's law firm biography that does not mention the Buttons and is not something that Ms. McCawley stated. Her firm biography states: "She is also presently representing pro bono a group of ballerinas in their efforts to hold their abusers accountable on sex trafficking charges." [*Id.* at 68]. Like Statement 11, this statement is in express reference to ongoing legal proceedings that are publicly available. Thus, the Court finds that Statement 12 is not actionable under the law of defamation.

Plaintiffs allege no new facts in their Second Amended Complaint to change the Court's conclusion in its January 8, 2025, Order [ECF No. 50] that each of Statements 7 through 12 are pure opinion and therefore cannot support a defamation claim. The Court need not consider Defendant's second argument that because Plaintiffs are public figures, they must plead actual malice to state a claim for defamation and fail to do so [ECF No. 59 at 17–22] because the alleged defamatory statements that Plaintiffs' prima facie defamation claim (Count IV) rest on cannot support a defamation claim. Based on the Court's analysis, the Court must dismiss Plaintiff's prime facie defamation claim (Count IV) and Statements 7 through 12 with prejudice. The Court further finds that amendment is futile here because the "[claim] as amended is still subject to dismissal." *Burger King Corp*, 169 F.3d at 1320 (citing *Halliburton & Assocs., Inc.*, 774 F.2d at 444).

### B. Remaining Proposed Claims

The Second Amended Complaint also alleges the remaining counts: defamation per se (Count I); intentional infliction of emotional distress (Count II); and civil conspiracy (Count III). Defendant argues that these claims are futile under Florida's single publication/single action rule and for additional reasons unique to each count. [ECF No. 59 at 22–25]. Plaintiffs argue in their Reply that their remaining claims should succeed. [ECF No. 60 at 12–14].

Florida's "single publication/single action rule does *not* permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based." *Ovadia v. Bloom*, 756 So. 2d 137, 141 (Fla. Dist. Ct. App. 2000). "Thus, if the defamation count fails, the other counts based on the same publication must fail as well because the same privileges and defenses apply." *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. Dist. Ct. App. 2002). Here, because Plaintiffs' prima facie defamation claim (Count IV) fails, Plaintiffs' claims for defamation per se (Count I), intentional infliction of emotional distress (Count II), and civil conspiracy (Count III) fail as well, and these counts must also be dismissed with prejudice under the

single publication/single action rule. *See Stone v. Shafran*, 641 F. Supp. 3d 1344, 1366 (S.D. Fla. 2022) (dismissing additional counts with prejudice for violating the single action rule). Therefore, the Court also finds that amendment is futile here because the "[claims] as amended [are] still subject to dismissal." *Burger King Corp*, 169 F.3d at 1320 (citing *Halliburton & Assocs., Inc.*, 774 F.2d at 444).

Because the Court finds that amendment is futile here as all claims are still subject to dismissal, the Court denies Plaintiffs' Motion and dismisses this case with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion [**ECF No. 55**] is **DENIED** as any amendment would be futile. This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**. The Court retains jurisdiction to address any motion by Defendant for the award of attorneys' fees and costs pursuant to Florida's Anti-SLAPP statute for the Court to consider.

**DONE AND ORDERED** in the Southern District of Florida on May 28, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     Dusty Button, *pro se*
        Mitchell Taylor Button, *pro se*
        counsel of record