# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:24-cv-01730-JVS-DFM | Date | June 9, 2025 |
|---|---|---|---|
| Title | Dusty Button et al v. Micah Humphries et al | | |

| Present: The Honorable | James V. Selna, U.S. District Court Judge |
|---|---|

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] <u>Order Regarding Motion to Dismiss SAC [73, 75]</u>**

Before the Court are two motions to dismiss. Defendants Micah Humphries and Michael Humphries' (together, "the Humphries") Motion to Dismiss (Motion ("Humphries' Mot."), Dkt. No. 73), and Defendants[1] Kathryne Meyer ("Meyer") and Hannah Stolrow's ("Stolrow) Motion to Dismiss (Motion ("Meyer Mot."), Dkt. No. 75)[2]. The Buttons opposed to both motions. (Opp'n, Dkt. No. 80; Meyer Opp'n, Dkt. No. 81.) The Humphries replied (Reply, Dkt. No. 86) and Meyer and Stolrow replied (Meyer Reply, Dkt. No. 87). On June 9, 2025, the Court held oral argument on this motion.

For the following reasons, the Court **GRANTS** the motion **with prejudice**.

The Buttons also filed a brief moments prior to the hearing, later clarified to be taking points for the hearing. (Supplemental Bench Brief, Dkt. No. 91.) The Court **strikes** the brief.

## I. BACKGROUND

The following facts are taken from the Buttons' Second Amended Complaint ("SAC"). (SAC, Dkt. No. 67.) The Buttons claim to bring this action "in the turbulent

---

[1] Defendants Kathryne Meyer and Hannah Stolrow filed a Notice of Joinder in Humphries' Motion to Dismiss (Notice, Dkt. No. 74), but filed their own motion to dismiss.

[2] Defendants Kathryne Meyer and Hannah Stolrow filed a corrected motion, which did not state what was corrected. (Dkt. No. 76.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01730-JVS-DFM     Date  June 9, 2025

Title  Dusty Button et al v. Micah Humphries et al

wake of years of traumatizing harassment and threats of bodily harm deployed as retaliation for [the Buttons'] discovery of a folder of communications [] and as a preemptive suffocation designed to silence [the Buttons] from coming forward." (Id. ¶ 1.)  In April of 2017, Sage Humphries ("Sage"), the Humphries' daughter, "aggressively pursued [an open] dating relationship with the Buttons." (Id. ¶ 4).  Disapproving of their daughter's relationship with the Buttons, the Humphries allegedly "fabricated allegations of sexual assault against [the Buttons]," pursued numerous actions against them, made false statements about them, and created a false social media campaign against the Buttons.  (Id. ¶ 5.)  In August of 2017, the Humphries allegedly forged an affidavit and abuse prevention order application for Sage, "which they forced her to sign against her will."  (Id. ¶ 8.)

In July 2021, Sage sued the Buttons in the District Court of Nevada for sexual abuse.  (Id. ¶¶ 17–18.)  The Buttons claim that the allegations they are being accused of by Sage were actually committed by Daryl Katz ("Katz"), who allegedly paid Sage large amounts of money in exchange for sexual acts.  (Id. ¶ 19.)  Since then, the Buttons have been intimidated by Katz and other named defendants into dropping their lawsuit.  (Id. ¶ 32.)  The Buttons also allege that individuals such as Hannah Stolrow ("Stolrow") and Katz "colluded and conspired with the Humphries to spread egregious false and defamatory rumors about [the Buttons] and conceal the fraud [they] knew existed."  (Id. ¶¶ 243, 387.)  The Humphries have also contacted numerous business affiliates of the Buttons and encouraged those businesses to sever ties with the Buttons, impacting the Buttons' livelihoods.  (See id. ¶¶ 395–98, 573.)  The Buttons believe that they are falling victim to the Humphries' "campaign to destroy the Buttons' lives through the weaponization of the civil justice system." (Id. ¶¶ 6.)

The Court granted the Buttons leave to file a second amended complaint on April 2, 2025.  (Order, Dkt. No. 65.)  In the SAC, the Buttons bring nine causes of action: (1) violation of the Tom Bane Civil Rights Act, (2) fraud through intentional misrepresentation, (3) interference with legal proceedings, (4) breach of duty, (5) civil conspiracy, (6) intentional infliction of emotional distress, (7) defamation per se, (8) negligent infliction of emotional distress, and (9) tortious interference with business contracts.  (See generally SAC.)

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | June 9, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept "all well-pleaded" factual allegations as true, and construe such allegations "in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

#### 1. Rule 8

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (internal quotations and citations omitted). A complaint violates Rule 8 when it is "needlessly long, or [is] highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso, U.S. ex rel. v. General Dynamics C4 Sys, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted) (finding that "a 733-page pleading prejudices the opposing party and may show bad faith of the movant, both valid grounds to deny leave to amend."); see McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | June 9, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant."); see also Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (providing specific policy reasons for dismissing excessively lengthy complaints).

The Court begins by noting that the SAC is 160 pages long consisting of more than 800 paragraphs, albeit 70 pages shorter than the First Amended Complaint. (See generally SAC.) The first 90 pages are dedicated to the background of the instant action. The length of this SAC alone does not warrant dismissal in violation of Rule 8(a). See Hearns v. San Bernardino Police Dept., 530 F.3d 1124, 1131–32 (9th Cir. 2008). The numerous defendants, accusations, and litigations across various districts surrounding the Buttons and the Humphries may require a detailed complaint. However, the complexity of the case does not warrant repeating grievances or bringing wholly unsupported causes of action.

For instance, the Buttons' third cause of action, interference with legal proceedings or obstruction of justice, does not confer a private cause of action in California. See Najarro v. Wollman, 2012 WL 1945502, at *2 (N.D. Cal. May 30, 2012); see also DeHaven v. Schwarzenegger, 123 F. App'x 287, 289 (9th Cir. 2005). Similarly, conspiracy, the fifth cause of action, cannot be an independent cause of action. Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11, 28 Cal. Rptr. 2d 475, 869 P.2d 454 (1994). Moreover, the Buttons state a claim for breach of "confidential and fiduciary" duty, solely based on their "trust, confidence, and reliance" in the Humphries. (SAC ¶ 587–89.) The Buttons fail to cite any controlling law allowing them to proceed with these non-cognizable causes of action. Compare Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130 (9th Cir. 2008) (reversing dismissal pursuant to Rule 8 where the defendants did not assert that the complaint fails to set forth cognizable causes of action).

In opposition, the Buttons contend in a footnote that their SAC should not be dismissed pursuant to Rule 8. (Opp'n, at 28, n.6.) Tellingly, the Buttons cite neither controlling case law nor those that support their propositions. (See id.) (citing a quote allegedly from Wynder v. McMahon, 360 F.3d 73, 80 (2d Cir. 2004), which cannot be found anywhere in the decision.) While a pro se complaint, "must be held to less stringent standards," a pro se plaintiff is not excused especially where the Court has explicitly noted the serious deficiencies of the Buttons' complaint in its previous order.

Case 8:24-cv-01730-JVS-DFM Document 94 Filed 06/09/25 Page 5 of 6 Page ID #:3225

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | June 9, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

(See Order, Dkt. No. 65, at 5); Woods v. Carey, 525 F.3d 886, 889–90 (9th Cir. 2008) (citations and internal quotation marks omitted); see also Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

Furthermore, even a cursory look at the SAC indicates that it cannot meet the pleading standard under Rule 12(b)(6). In the Court's previous order granting leave to amend, the Court noted that the Buttons must "allege all elements of [a claim]." (Order, Dkt. No. 65, at 4.) However, the Buttons have failed to do so again in their SAC. For example, California's Bane Act requires a plaintiff to show specific intent to interfere "by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Cal. Civ. Code § 52.1; see Reese v. County of Sacramento, 888 F.3d 1030, 1044–45 (9th Cir. 2018). However, the Buttons simply repeat that they were "forced," "threatened and intimidated" by the Humphries, "harassed" by the Katz, and "scared" into dropping their Nevada lawsuit. (See, e.g., SAC ¶ 414, 416–24.") Consequently, they were "afraid to leave their residence" and "deprived [] of their right to due process." (Id. ¶¶ 426–27.) These broad allegations are no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." See Iqbal, 556 U.S. at 678. Instead of providing information to meet the elements of the alleged crime, the Buttons sprinkle phrases such as "intentionally and knowingly" or sentences like "allowing the Defendants to [assert the statute of limitation defense] would be unjust." (See, e.g., SAC ¶¶ 427, 446, 463.)

For intentional misrepresentation, the Buttons simply assert that "Daryl Katz, Robert Kleiger and Anthony Pellicano made intentionally and materially false statements to the media." (SAC ¶ 486.) Misrepresentation requires a plaintiff to plead "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." Chapman v. Skype, Inc., 220 Cal. App. 4th 217, 230–31, 162 Cal.Rptr.3d 864 (2013). Moreover, fraud claims must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). Here, however, the Buttons do not even provide this Court with the false statements. Instead, they go on only to explain how these statements "misled the court" or how the Humphries and Katz continued to harass them. (See id. ¶¶ 486–98.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01730-JVS-DFM | Date | June 9, 2025 |
| Title | Dusty Button et al v. Micah Humphries et al | | |

The Court finds ample examples where SAC is prolix and conclusory. Throughout the SAC, the Buttons make broad allegations that all named defendants in the instant lawsuit conspired " to commit fraud" and "defame them" at every instance without providing a "short and plain" statement of the exact nature of the fraudulent act such that the Buttons are entitled to relief. (See, e.g., id. 193, 227, 243, 342, 665); Fed. R. Civ. P. 8(a). The SAC is reminiscent of Cafasso, where the court affirmed the district court's denial of a motion to amend on the grounds that the complaint would burden the court and the opposing party "with the onerous task of combing through a 733-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." 637 F.3d at 1059. Similar to Cafasso, the Buttons essentially put the onerous burden on the Court to sift through the first 90 pages in the background to find the facts necessary to support each element of a claim. See id. Given that the Buttons have had three opportunities to plead and two opportunities to substantively cure their deficiencies, the Court dismisses the complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion **with prejudice**.

**IT IS SO ORDERED.**