UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
                                                                        :
DUSTY BUTTON and MITCHELL TAYLOR BUTTON,                                :
                                                                        :
                               Plaintiffs,                              :
                                                                        :
               -v-                                                      :   24 Civ. 5026 (JPC) (KHP)
                                                                        :
JULIET DOHERTY, KRISTA KING-DOHERTY, and                                :   ORDER ADOPTING
LUIS PONS,                                                              :   REPORT AND
                                                                        :   RECOMMENDATION
                               Defendants.                              :
                                                                        :
----------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

Plaintiffs Dusty Button and Mitchell Taylor Button commenced this action on June 27, 2024, by filing a Complaint alleging various tort causes of action against Defendants Juliet Doherty, Krista King-Doherty, and Luis Pons. Dkt. 1. Plaintiffs filed an Amended Complaint re-pleading their causes of action on November 6, 2024. Dkt. 41 ("Am. Compl."). On December 6, 2024, Defendants filed motions to dismiss the Amended Complaint. Dkts. 42, 46.

On July 30, 2025, the Honorable Katharine H. Parker, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss Plaintiffs' claims against King-Doherty for lack of personal jurisdiction and dismiss Plaintiffs' claims against Doherty and Pons for failure to state a claim. Dkt. 59 ("R&R") at 17-21, 25-38. Judge Parker further recommended that Plaintiffs' assault, battery, malicious prosecution, and civil conspiracy claims against Doherty and Pons be dismissed with prejudice, and that Plaintiffs' remaining claims be dismissed without prejudice and with leave to amend. *Id.* at 39. Plaintiffs filed objections to Judge Parker's Report and Recommendation on October 18, 2025, Dkt. 63

("Objections"), and Defendants responded on September 2 and September 3, 2025, Dkts. 65, 66. On September 16, 2025, Plaintiffs moved for permission to file a reply to Defendants' responses and to file certain deposition transcripts under seal. Dkt. 67.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019). A district court reviews for clear error those parts of a Report and Recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *see Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

Plaintiffs raise nine objections to the Report and Recommendation. First, Plaintiffs argue that the Report and Recommendation erred in concluding that their defamation claim was untimely as to statements made more than one year before the Complaint was filed. Specifically, Plaintiffs argue that the statements were republished within the one-year statute of limitations, Objections at

---

[1] The Court denies Plaintiffs' motion for leave to file a reply and the deposition transcripts under seal, Dkt. 67, as it concludes that those materials would not assist or otherwise impact its analysis of Defendants' motions to dismiss.

3-4, and that equitable tolling should apply because the statements were, until recently, "hidden or unknowable" to Plaintiffs "through no fault of their own," *id.* at 3.[2] These arguments are unpersuasive. First, the Amended Complaint never alleges that the untimely statements were republished—*i.e.*, that there was "a separate aggregate publication from the original, on a different occasion." *Firth v. State*, 775 N.E.2d 463, 466 (N.Y. 2002).[3] So the statute of limitations as to these pre-June 27, 2023 statements was not recommenced on account of republication. Second, "New York courts consistently have declined to recognize a so-called 'discovery rule'" that would equitably toll defamation claims until a victim's discovery of the defamatory statement. *Hanly v. Powell Goldstein, L.L.P.*, 290 F. App'x 435, 439 (2d Cir. 2008) (summary order) (collecting cases). Nor have Plaintiffs alleged "exceptional circumstances" to warrant equitable estoppel. *Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) (internal quotation marks omitted). As Judge Parker aptly summarized in her Report and Recommendation:

---

[2] Plaintiffs do not object to the Report and Recommendation's determination that certain alleged statements were made more than one year before this action was filed, and the Court finds no clear error in Judge Parker's findings to that effect. To be sure, the Report and Recommendation appears to have concluded that Doherty made certain statements in September 2018 and March 2019 based on information found in exhibits that were incorporated by reference in Plaintiffs' Amended Complaint and submitted by Doherty and King-Doherty in support of their motion to dismiss. *See* R&R at 8 (citing Dkt. 44, Exhs. A, B). Typically, "in cases where the plaintiff . . . incorporates a document for purposes other than the truthfulness of the document," it is "inappropriate to treat the contents of that document as true." *Pearson v. Gesner*, 125 F.4th 400, 407 (2d Cir. 2025) (internal quotation marks omitted). But here, Plaintiffs' own Amended Complaint suggests that these statements were made well outside the limitations period. *See* Am. Compl. ¶ 126 (alleging that the relevant statements were made "because [Doherty] knew that Plaintiffs' allegations against her would be made known and publicized during the course of the Nevada litigation," which itself began in 2021).

[3] Plaintiffs do not object to the Report and Recommendation's choice-of-law analysis, including its recommendations that New York's statutes of limitations apply, *see* R&R at 22, and that New York and Nevada substantive law do not meaningfully differ in ways relevant to this case, *see id.* at 22-25. In fact, Plaintiffs abandon the argument that Nevada law applies by citing only New York cases in their objections. Regardless, the Court finds no clear error in the Report and Recommendation's choice-of-law analysis.

3

> Plaintiffs affirmatively plead that Doherty gave them direct notice of the statements she was making when she joined the Nevada Action. Additionally, there is no showing that Defendants misrepresented or concealed material facts intending that Plaintiffs would act on such misrepresentation or concealment to delay the bringing of this action. Nor can Plaintiffs show, on their pleading, that they relied on conduct of any of the Defendants in delaying bringing this action. Plaintiffs plead that they were aware of rumors about them and were fully aware of the substance of Doherty's assertions about them when she joined the Nevada action and plead that they did not bring defamation claims sooner out of concern for Doherty's emotional state. Thus, their decision to delay bringing suit was conscious and not based on misrepresentations or concealment of facts by Defendants.

R&R at 29.

Second, Plaintiffs argue that the Report and Recommendation "misapplie[d] the litigation privilege" by "applying it to extrajudicial, non-litigation communications, including social media and third-party gossip campaigns," thereby shielding Defendants' otherwise actionable statements from their defamation claim. Objections at 4. But this objection mischaracterizes the Report and Recommendation, which merely noted in a passing footnote that "generally a defamation claim cannot be premised on statements made in a court filing." R&R at 28 n.21. Judge Parker did not actually rely on the "litigation privilege" in concluding that Plaintiffs failed to state a claim for defamation with respect to any extrajudicial statements, or with respect to any allegedly defamatory statements for that matter. Instead, Judge Parker determined that the allegedly defamatory statements made by Doherty and Pons before June 27, 2023, were time-barred, *id.* at 27-30, and that Plaintiffs fail to state a claim for defamation with respect to the three alleged statements by Doherty or Pons that arguably were made within one year of the commencement of this action, *id.* at 30-35.[4]

---

[4] Judge Parker did not reach the alleged defamatory statements made by King-Doherty because she determined that personal jurisdiction was lacking over that Defendant. R&R at 17-21.

Third, Plaintiffs argue that the Report and Recommendation "fails to analyze well-pled claims for malicious prosecution and abuse of process." Objections at 5. But Plaintiffs' Amended Complaint never purported to plead a claim for "abuse of process." And although Plaintiffs did allege malicious prosecution, the Report and Recommendation carefully and correctly explained why Plaintiffs' cause of action was untimely and also ultimately failed to state a claim on the merits. *See* R&R at 26 (explaining that Plaintiffs' malicious prosecution claim is time-barred by New York's one-year statute of limitations because "the latest date the cause of action could have accrued is the date that Doherty withdrew her claims in Nevada, which Plaintiffs plead to be February 24, 2023"); *id.* at 26 n.19 (noting "[f]or completeness" that Plaintiffs have failed to state a malicious prosecution claim under the law in Nevada, the forum of the allegedly malicious prosecution, which requires lacking probable cause in a prior *criminal* proceeding).

Fourth, Plaintiffs argue that the Report and Recommendations "wrongly concludes there is no personal jurisdiction over Krista King-Doherty"[5] because "[u]nder CPLR § 302(a)(1) and (a)(2), New York courts routinely exercise jurisdiction where tortious acts outside the state cause injury within it." Objections at 5. This argument, which merely "regurgitate[s] the original briefs to the magistrate judge," *Riaz*, 2022 WL 4482297, at *2, is unpersuasive. New York Civil Practice Law and Rules Section 302(a)(1) allows a court to exercise personal jurisdiction over "any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1); *see Al Rushaid v. Pictet & Cie*, 68 N.E.3d 1, 7 (N.Y. 2016) ("The CPLR 302(a)(1) jurisdictional inquiry

---

[5] Plaintiffs' additional argument that the Report and Recommendation "wrongly concludes there is no personal jurisdiction over . . . Luis Pons," Objection at 5, relies on a mistaken premise. The Report and Recommendation never concluded that this Court lacks jurisdiction over Pons. To the contrary, and as noted above, Judge Parker addressed why Plaintiffs' claims against Pons should be dismissed under Rule 12(b)(6). R&R at 27-35.

5

is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions."). But as Judge Parker explained, the Amended Complaint makes "no clear allegations regarding any specific business transactions in which King-Doherty was engaged in New York that have a nexus with the claims against her." R&R at 20. Without such an allegation, the Court cannot exercise personal jurisdiction over King-Doherty under Section 302(a)(1). *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 248 (2d Cir. 2007) ("New York courts do not interpret 'transacting business' to include mere defamatory utterances sent into the state." (alterations adopted)).

Plaintiffs' objections fare no better with respect to Section 302(a)(2), which allows a court in New York to exercise personal jurisdiction over "any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." N.Y. C.P.L.R. § 302(a)(2). Invoking this provision, Plaintiffs seem to rely on the existence of a "joint conspiracy" to justify the Court's exercise of personal jurisdiction over King-Doherty. *See* Objections at 5-6. But Judge Parker correctly noted that Plaintiffs "offer nothing more than conclusory assertions regarding King-Doherty's alleged participation in any conspiracy to defame them," R&R at 21, and a "bland assertion of conspiracy . . . is insufficient to establish jurisdiction for purposes of section 302(a)(2)," *id.* at 20-21 (ellipse in original) (quoting *In re Terrorist Attacks on September 11, 2021*, 349 F. Supp. 2d 765, 805 (S.D.N.Y. 2005)).

Fifth, Plaintiffs argue that the Report and Recommendation failed to consider whether an amendment would be futile before recommending dismissal of their assault, battery, malicious prosecution, and civil conspiracy claims against Doherty and Pons with prejudice. Objections at

6-7.[6]  The Court disagrees.  As the Report and Recommendation explained, all the facts underlying Plaintiffs' assault, battery, and malicious prosecution claims occurred outside the applicable limitations periods, *see* R&R at 25-26, and Plaintiffs' civil conspiracy claim is not cognizable as "an independent cause of action," *id.* at 38.  "[B]etter pleading will not cure" these deficiencies, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), so Judge Parker correctly recommended the dismissal of those claims with prejudice.  *See Livingston v. Mejia*, No. 20 Civ. 2009 (JPC), 2022 WL 976808, at *7 (S.D.N.Y. Mar. 31, 2022) (denying leave to amend time-barred claims because "it would be futile to do so").

      Sixth, Plaintiffs argue that the Report and Recommendation recommended dismissal of their civil conspiracy claim based on the "erroneous premise" that civil conspiracy is not an independent cause of action.  Objections at 7.  But the Report and Recommendation correctly stated that New York "recognizes civil conspiracy only as a theory of liability to connect Defendants."  R&R at 38; *accord Philip S. Schwartzman, Inc. v. Pliskin, Rubano, Baum & Vitulli*, 187 N.Y.S.3d 702, 707 (2d Dep't 2023) ("Although an independent cause of action for civil conspiracy is not recognized [under New York law], a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme." (quoting *Faulkner v. City of Yonkers*, 963 N.Y.S.2d 340, 341 (2d Dep't 2013))).  Plaintiffs' own objections even concede that "conspiracy is not a standalone tort."  Objections at 7.  In any event, Judge Parker

---

[6] At various points, Plaintiffs contend that Judge Parker erroneously recommended dismissal of "all claims *with prejudice*."  Objections at 6; *accord id.* at 1, 2.  As discussed, the Report and Recommendation did not make that recommendation.  Judge Parker recommended that Plaintiffs' claims for assault, battery, malicious prosecution, and civil conspiracy against Doherty and Pons be dismissed with prejudice, and that Plaintiffs' remaining claims be dismissed without prejudice.  R&R at 39.

correctly concluded that "Plaintiffs' conclusory allegations of conspiracy are wholly insufficient," R&R at 38, particularly given Plaintiffs' failure to adequately allege any underlying tort. *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 176 (2d Cir. 2012) ("To state a claim for civil conspiracy under New York law, a plaintiff, in addition to alleging an underlying tort, must plead facts sufficient to support an inference of the following elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." (internal quotation marks omitted)).

Seventh, Plaintiffs argue that the Report and Recommendation "fails to address" their claim for intentional infliction of emotional distress ("IIED"). Objections at 8. But the Report and Recommendation spent two pages explaining why Plaintiffs fail to state a claim for IIED. *See* R&R at 35-36. As Judge Parker concluded, "neither of the statements as pleaded qualifies as 'extreme and outrageous;' nor have Plaintiffs pleaded the requisite level of intent to cause severe emotional distress." *Id.* at 36; *see In re Sears Holding Corp.*, No. 21-1095, 2023 WL 3938982, at *1 (2d Cir. June 12, 2023) (summary order) ("To state a claim for [IIED] under New York law, a plaintiff must plausibly allege (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. Extreme and outrageous conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." (internal citations and quotation marks omitted)).

Eighth, Plaintiffs argue that the Report and Recommendation found certain claims to be time-barred after "ignoring that Plaintiffs pled *ongoing and continuing harm*." Objections at 8. This argument was not raised before Judge Parker, but in any event, the Court disagrees. New

York "applie[s] the ['continuing wrong'] doctrine in certain cases such as nuisance or continuing trespass where the harm sustained by the complaining party is not exclusively traced to the day when the original objectionable act was committed." *Covington v. Walker*, 819 N.E.2d 1025, 1027 (N.Y. 2004). But here, there is no suggestion that Defendants engaged in continuing injurious acts. Rather, Plaintiffs argue only that Defendants' time-barred conduct "continues to [cause] damage." Objections at 9; *see Henry v. Bank of Am.*, 48 N.Y.S.3d 67, 70 (1st Dep't 2017) ("The doctrine may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct." (internal quotation marks omitted)).

Finally, Plaintiffs argue that the Report and Recommendation failed to consider Exhibit A to their Amended Complaint, "even though the Complaint expressly incorporates it by reference." Objections at 9. However, the Report and Recommendation cited to various exhibits, *see* R&R at 8 (citing Dkt. 44 ("McCawley Decl."), Exhs. A, B); *id.* at 25 (citing McCawley Decl., Exh. C), and Judge Parker explicitly recognized that "a court may consider any written instrument attached to the complaint as an exhibit, [and] any statements or documents incorporated by reference," *id.* at 16-17 (internal quotation marks omitted). Plaintiffs also do not identify what particular information in Exhibit A they believe the Report and Recommendation failed to consider.

The Court thus overrules Plaintiffs' objections to the Report and Recommendation. The Court also finds no clear error in the portions of the Report and Recommendation to which Plaintiffs did not object. Indeed, the Court has conducted *de novo* review of the entire Report and Recommendation and finds it to be well-reasoned and its conclusions well-founded.

The Court therefore adopts the Report and Recommendation in its entirety. Plaintiffs' claims for assault, battery, malicious prosecution, and civil conspiracy against Doherty and Pons are dismissed with prejudice as plainly time-barred or, with respect to the civil conspiracy claim,

9

not cognizable. Plaintiffs' remaining claims, including all claims against King-Doherty, are dismissed without prejudice and with leave to amend. If Plaintiffs decide to file a second amended complaint, they must do so within thirty days of this Order. Plaintiffs should file a second amended complaint only if they believe that they can remedy the pleading deficiencies identified in the Report and Recommendation and in this Order. If Plaintiffs fail to file a second amended complaint by that deadline, or fail to obtain an extension of time to do so in advance of that deadline, the Court will direct the Clerk of Court to enter judgment in Defendants' favor and to close the case.[7]

---

[7] The Court notes that Plaintiffs' objections appear to rely, at least in part, on an artificial intelligence tool and contain many obvious errors. For instance, Plaintiffs object to various findings that Judge Parker did not make, such as her supposed application of the litigation privilege to extrajudicial communications, Objections at 4-5, her supposed determination that personal jurisdiction was lacking over Pons, *id.* at 5-6, her supposed recommended dismissal of all their claims with prejudice, *id.* at 1, 2, 6, and her supposed failure to address their IIED claim, *id.* at 8. In addition, Plaintiffs seem to present quotations from cases that do not exist. *See id.* at 3 (purportedly quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *id.* at 7 (purportedly quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *id.* at 8 (purportedly quoting *Howell v. New York Post Co.*, 81 N.Y.2d 115, 122 (N.Y. 1993)).

Plaintiffs are reminded that all litigants, including *pro se* litigants, are individually responsible for verifying the accuracy of any output produced by an artificial intelligence tool. In the event that Plaintiffs make further filings in this case directed to the undersigned for which they use an artificial intelligence tool, that filing must, in accordance undersigned's Individual Rules and Practices for *Pro Se* Litigants, include a signed certification (1) stating whether the litigant personally reviewed the filing for accuracy of cited legal authorities and factual assertions; and (2) if so, describing in detail the steps taken to verify the accuracy of all legal authorities and factual assertions generated by the tool. A model certification may be found on the Court's website (https://www.nysd.uscourts.gov/hon-john-p-cronan). The Court may strike any filing that fails to comply with this requirement.

The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 42, 46, and 67.

SO ORDERED.

Dated: September 30, 2025
       New York, New York

                                                  JOHN P. CRONAN
                                        United States District Judge