UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUSTY BUTTON and MITCHELL TAYLOR BUTTON.,

                              Plaintiffs,

-against-

JULIET DOHERTY, KRISTA KING-DOHERTY and LUIS PONS,

                              Defendants.

**OPINION & ORDER ON MOTION FOR EXTENSION OF TIME**

24-CV-5026 (JPC) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge.**

Plaintiffs in this action move for a 30-day extension of time to file their Second Amended Complaint ("SAC"). Defendants Juliet Doherty and Krista King-Doherty (the "Doherty Defendants") oppose on the grounds that Plaintiffs failed to comply with the Hon. John P. Cronan's Individual Practice Rules in Civil Cases and cannot show good cause for the extension. The request to extend the time to file an amended complaint is **granted**.

## BACKGROUND

The Buttons filed an amended complaint on November 6, 2024, chiefly alleging defamation causes of action, among others. (ECF No. 41.) Defendants filed motions to dismiss on December 6, 2024. (ECF Nos. 42, 46.) On July 30, 2025, the undersigned recommended dismissing all claims in the action, without prejudice as to the timely portions of their claims sounding in defamation, intentional infliction of emotional distress, and tortious interference with business relations. *See Button v. Doherty*, No. 24-cv-5026 (JPC) (KHP), 2025 WL 2846927, at *18 (S.D.N.Y. July 30, 2025). The Buttons raised several objections to the Report and Recommendation. (ECF No. 63.) On September 30, 2025, overruled the Buttons' objections and

1

adopted the undersigned's recommendation in full. *Button v. Doherty*, No. 24-cv-5026 (JPC) (KHP), 2025 WL 2776069, at *5 (S.D.N.Y. Sept. 30, 2025).

Judge Cronan's order dismissing the amended complaint gave the Buttons thirty (30) days to amend their complaint—*i.e.*, it had to be filed by October 30, 2025.[1] *Id.* On October 29, 2025, the Buttons filed their first motion for an extension, citing as cause for the extension (1) the incorporation of deposition testimony from the Nevada Action, (2) the filing of those depositions under seal, (3) the Buttons efforts to ensure "factual accuracy and legal compliance with this Court's directives before filing," and (4) recent losses and health challenges in their families, which the Buttons argue have delayed their abilities to complete their filings. (ECF No. 71.)

**DISCUSSION**

The Buttons request an extension of time to amend under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure. Of note, the Doherty Defendants rely on the standard for Rule 16 extensions, but that standard is only for extensions of deadlines in scheduling orders issued under Rule 16. *See Powercap Partners LLC v. Fleischmann*, No. 20-cv-3428 (RRM) (RML), 2023 WL 2711316, at *1-2 (citing *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021)). The Plaintiffs correctly requested the extension under Rule 6, which requires a showing of "good cause." *See id.* The standard of good cause for extension requests made before the deadline, while discretionary, is "non-rigorous." *Alexander*, 5 F.4th, at 154 (citing *Ramashwar v. City of New*

---

[1] Under Rule 6(a) of the Federal Rules of Civil Procedure, a period "stated in days" will "count every day, including intermediate Saturdays, Sundays, and legal holidays," including the final day of the period, but excluding "the day of the event that triggers the period." As applied here, that means the first day of the thirty days was October 1, 2025, and the thirtieth and final day to file was October 30, 2025, which was a Thursday on which no court holiday fell.

2

*York*, 231 F. App'x 26, 27-28 (2d Cir. 2007)); *Manigault v. ABC Inc.*, 796 F. App'x 13, 15 (2d Cir. 2019).  A motion before the expiration of time "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Alexander*, 5 F.4th at 154.  The flexibility afforded district courts assumes discretionary extensions are liberally granted. *Id.* (citing *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966)).

When parties make motions to extend deadlines after the deadlines have passed, they must also show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "Mere inadvertence, without more, <u>can</u> in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(1)(B)." *Donnelly v. Anand*, No. 24-cv-6320 (PKC), 2025 WL 2494376, at *1 (S.D.N.Y. Aug. 29, 2025) (quoting *Alexander*, 5 F.4th at 154) (cleaned up).  "The inquiry into whether a failure to abide by a specific time constraint constitutes 'excusable neglect' is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." *Id.* (citing *Petaway v. Osden*, 827 F. App'x 150, 152 (2d Cir. 2020)) (cleaned up).  Inadvertence, mistakes, and carelessness can constitute excusable neglect. *Id.*

Here, the Court takes the opposition to argue that the Court should not alter two separate court-imposed deadlines:  first, Judge Cronan's requirement that requests for extensions be made 48 hours or 2 business days in advance, and second, the request to extend the deadline to file the second amended complaint.

Because the request is within the scope of the undersigned's referral for general pre-trial management and dispositive motion practice, it should have been directed to the

undersigned.  Thus, the request arises under the undersigned's Individual Practices in Civil Cases, not Judge Cronan's.  The undersigned's rules require that, "[a]bsent good cause, any request for extension or adjournment shall be made **at least 48 hours or 2 business days, whichever is greater,** before the deadline or scheduled appearance."

As to the first deadline—the deadline to request an extension—Plaintiffs' submission on Reply shows they emailed the motion to pro se intake on October 28, 2025. (ECF No. 73-1.) Thus, there is no issue with their failure to meet the 48-hour deadline to file a request for an extension.

The Court finds their filing, as well as the facts added by Doherty Defendants' opposition, establish good cause to extend the deadline to amend.  The Plaintiffs are active litigants in many cases across the country and say they are dealing with personal hardships in their families.  Their reason for requesting an extension involves their consideration of how to seal apparently confidential deposition transcripts.  Thus, there is good cause to extend the deadline to amend under the liberal standard of Rule 6.

The Court notes, however, that it will not necessarily provide Plaintiffs solicitude it is granting them on this request in the future given their extensive litigation experience.  They are now warned that they must comply with both the meet and confer requirement and this Court's Individual Practices in connection with all filings.

## **CONCLUSION**

Plaintiffs' motion is granted.  Because the date they requested—*i.e.*, November 29, 2025—falls on a weekend, Plaintiffs shall have until **December 1, 2025**, to file their SAC.

Regarding Plaintiffs' indication they wish to file documents under seal, the Court directs Plaintiffs to review the undersigned's Individual Practices Rule III.d regarding sealing and redactions, as well as Rule 5.2 of the Federal Rules of Civil Procedure and related case law, and information about filing a motion to seal on the Court's website at https://nysd.uscourts.gov/programs/ecf-training.

No pre-motion conference shall be necessary for Defendants to file a motion to dismiss the SAC. The motion(s) to dismiss shall be due **January 5, 2026**. Opposition shall be due **February 4, 2026**. The reply shall be due **February 18, 2026**.

**The Clerk is respectfully directed to mail a copy of this order to the pro se Plaintiffs.**

The Clerk is also respectfully directed to terminate the motion at ECF No. 71.

**SO ORDERED.**

Dated: New York, New York
November 4, 2025

_Katharine H. Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge

5