UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                      :

DUSTY BUTTON and MITCHELL TAYLOR BUTTON,  :
                                        :

            Plaintiffs,               :

                                          :

            -v-                    :         24 Civ. 5026 (JPC) (KHP)
                                          :

JULIET DOHERTY and KRISTA KING-DOHERTY,  :       OPINION AND ORDER
                                          :    ADOPTING REPORT AND
            Defendants.             :       RECOMMENDATION
                                            :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

On June 27, 2024, Plaintiffs Dusty Button and Mitchell Taylor Button initiated this action against Defendants Juliet Doherty, Krista King-Doherty, and Luis Pons. Dkt. 1. Then, after Plaintiffs amended their Complaint on November 6, 2024, Dkt. 41, the Court adopted a Report and Recommendation from the Honorable Katharine H. Parker, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, and dismissed Plaintiffs' Amended Complaint with leave to further amend, *Button v. Doherty*, No. 24 Civ. 5026 (JPC) (KHP), 2025 WL 2776069 (S.D.N.Y. Sept. 30, 2025).

On December 2, 2025, Plaintiffs filed a Second Amended Complaint, asserting claims against only Doherty and King-Doherty (collectively, "Defendants") for defamation, defamation by implication, tortious interference with prospective economic advantage, and intentional infliction of emotional distress. Dkt. 79 ("SAC") ¶¶ 43-69. Defendants moved to dismiss the Second Amended Complaint on January 5, 2026. Dkts. 83-84. Plaintiffs opposed Defendants' motion on January 29, 2026, Dkt. 85, Defendants submitted a reply in support of their motion on February 18, 2026, Dkt. 87, and Plaintiffs submitted a sur-reply on February 19, 2026, Dkt. 89.

On May 13, 2026, Judge Parker issued a Report and Recommendation, recommending dismissal of the Second Amended Complaint.  Dkt. 91 ("R&R").  Judge Parker determined that Plaintiffs' claims against King-Doherty should be dismissed for lack of personal jurisdiction, Plaintiffs' claims against Doherty should be dismissed for failure to state a claim, and Plaintiffs should be denied leave to amend their Complaint a third time.  *Id.* at 9-27.  Plaintiffs filed objections to Judge Parker's Report and Recommendation on May 27, 2026, Dkt. 92 ("Objections"), and Defendants responded to those objections on June 10, 2026, Dkt. 94.[1]

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general."  *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (citation modified).  "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance."  *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).  A district court reviews for clear error those parts of a Report and Recommendation to which no party has filed proper or timely objections.  28 U.S.C. § 636(b)(1)(A); *see Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

---

[1] Plaintiffs also submitted letters on June 2, 2026, and June 10, 2026.  Dkts. 93, 95.

Plaintiffs raise eleven objections to the Report and Recommendation.  First, Plaintiffs argue that the Report and Recommendation "improperly relies on disputed [facts] beyond the permissible scope of judicial notice" by using allegations from an ongoing lawsuit against Plaintiffs in the United States District Court for the District of Nevada (the "Nevada Action") "as substantive support to defeat falsity, plausibility, or actual malice."  Objections at 8.  This argument mischaracterizes the Report and Recommendation.  As Judge Parker made clear, she took judicial notice of court filings "*not* for the truth of the matter asserted in those filings." R&R at 2 n.1 (emphasis added).  To be sure, in the course of explaining why Defendants' alleged statement that Plaintiffs "are child predators" was "hyperbolic and inactionable opinion," Judge Parker remarked that the statement was not "without some basis, in that the allegations actually made against the Plaintiffs in the Nevada Action involve multiple parties who allege the Plaintiffs sexually harassed and abused them when they were minors."  *Id.* at 19-20.  But Judge Parker did not thereby suggest that the allegations in that litigation were true.  Nor did Judge Parker rely on the truth of those allegations in concluding that Plaintiffs fail to plead actual malice.  As discussed below, that conclusion rested on the absence of any non-conclusory factual allegations in the Second Amended Complaint suggesting Defendants' knowledge of falsity or reckless disregard for the truth.  *Id.* at 21-23.

Second, and somewhat relatedly, Plaintiffs argue that the Report and Recommendation "improperly treats [Defendants'] verifiable criminal accusations as opinion or hyperbole."  Objections at 10.  This objection again mischaracterizes the Report and Recommendation.  Although Judge Parker concluded that some of Defendants' alleged statements—such as that Plaintiffs are "child predators" and that they were "going to be arrested"—constituted hyperbole and nonactionable opinion, R&R at 19-20 (citing, *inter alia*, *Rosa v. Eaton*, No. 23 Civ. 6087

3

(DEH), 2024 WL 3161853, at *3 (S.D.N.Y. June 25, 2024)), Plaintiffs do not appear to object to the characterization of those statements as opinions. *See* Objections at 11 (arguing that the "R&R improperly groups specific criminal accusations together with broader rhetorical terminology such as 'predator'"); *see also Riaz*, 2022 WL 4482297, at *2 ("To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." (citation modified)). And the Report and Recommendation did not conclude that Defendants' other alleged statements—including that Plaintiffs raped and drugged Doherty, that Doherty was a minor, and that Plaintiffs "have been charged"—were hyperbole or opinion. Judge Parker instead concluded, with respect to those statements, that Plaintiffs fail to plead actual malice or that their allegations were "far too conclusory" as to when, how, and to whom the statements were made. R&R at 20-23. As discussed herein, the Court finds no error in those conclusions.

Third, Plaintiffs argue that the Report and Recommendation improperly determined that their claims concerning several alleged statements were time-barred because the statements had not been republished within the applicable statute of limitations. Objections at 12-14; *see* R&R at 14-16. The Court disagrees. Judge Parker correctly explained that under New York law, repetition of the same statements to the same audiences does not restart the limitations period. *Id.* at 15-16; *see Firth v. State*, 775 N.E.2d 463, 466 (N.Y. 2002) (explaining that republication requires "a separate aggregate publication from the original, on a different occasion," that "is intended to and actually reaches a new audience"). For statements made within the limitations period, the Report and Recommendation explained why Plaintiffs' allegations fail to state a claim irrespective of their timeliness. *See* R&R at 18-23 (analyzing, *inter alia*, Defendants' alleged statements that were initially made to Michael Humphries, Micah Humphries, Kim Comelek, Erin Quinlan, and others, as well as Defendants' alleged statements that Plaintiffs were "predators" and had raped Doherty).

Fourth, Plaintiffs argue that the Report and Recommendation applied "an unduly restrictive pleading standard" to their claims. Objections at 14-15. Not so. Judge Parker applied the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), as courts in this District have consistently applied that standard to defamation claims—requiring a complaint to provide particulars such as who made the alleged statements, when they were made, and to whom. R&R at 23 (citing *Manolov v. Borough of Manhattan Cmty. Coll.*, 952 F. Supp. 2d 522, 531 (S.D.N.Y. 2013); *Rodgers-King v. Candy Digit. Inc.*, No. 23 Civ. 2591 (RA), 2024 WL 382092, at *5 (S.D.N.Y. Feb. 1, 2024); *Alvarado v. Mount Pleasant Cottage Sch. Dist.*, 404 F. Supp. 3d 763, 790-91 (S.D.N.Y. 2019)). Plaintiffs speculate that discovery would supply these missing details, *see* Objections at 16-17, but Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678-79.[2]

Fifth, Plaintiffs argue that the Report and Recommendation erred in concluding that they fail to plead that Defendants knew or recklessly disregarded that their alleged statements were false, as is required to show actual malice. Objections at 18-21; *see Satanic Temple, Inc. v. Newsweek Digit. LLC*, 177 F.4th 202, 214 (2d Cir. 2026) ("To show actual malice, the [plaintiff] must demonstrate that the author in fact entertained serious doubts as to the truth of his publication or acted with a high degree of awareness of probable falsity.").[3] The Court agrees with Judge

---

[2] Although Plaintiffs are correct that they may plead facts on information and belief when those facts "are peculiarly within the possession or control" of a defendant, *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), the problem is that even the facts that Plaintiffs plead on information and belief lack the necessary detail.

[3] Plaintiffs do not object to, and the Court does not find clear error with, the Report and Recommendation's determination that Plaintiffs are required to allege actual malice because, under New York's Anti-Strategic Lawsuits Against Public Participation ("Anti-SLAPP") statute, Defendants' alleged statements were made in connection with "public petition and participation"

5

Parker's analysis. To be sure, the Second Amended Complaint pleads that Defendants' statements were "fabricated" and "entirely false," SAC ¶¶ 1, 23, but "[f]alsity and actual malice are distinct concepts," *Mahoney v. Adirondack Pub. Co.*, 517 N.E.2d 1365, 1369 (N.Y. 1987). *See also Liberman v. Gelstein*, 605 N.E.2d 344, 350 (N.Y. 1992) ("[T]here is a critical difference between not knowing whether something is true and being highly aware that it is probably false. Only the latter establishes reckless disregard in a defamation action."). In some cases, it may be possible that falsity will itself establish actual malice "when the alleged libel purports to be an eyewitness or other direct account of events that speak for themselves," *Time, Inc. v. Pape*, 401 U.S. 279, 285 (1971), but that is true "only if the events were unambiguous and the setting was such that the observer could not have misperceived those events," *Mahoney*, 517 N.E.2d at 1369. "Such conditions . . . cannot simply be assumed; as the proponent of the inference and the bearer of the burden of proof of actual malice, the plaintiff must demonstrate that they exist." *Id.*

Even accepting that Defendants' accusations—such as that Plaintiffs "raped" Doherty— were "false" and "fabricated," Plaintiffs plead no allegations that provide a basis to conclude that Defendants did not "simply misperceive[]" what occurred. *Kipper v. NYP Holdings Co.*, 912 N.E.2d 26, 32 (N.Y. 2009). As the Second Circuit has observed in a similar context, "[w]hether conduct rises to the level of harassment—and what is meant by the term—is often a subjective inquiry that permits differing opinions among those involved in, or aware of, the alleged conduct." *Coleman v. Grand*, 158 F.4th 132, 141 (2d Cir. 2025). This case is similar to *Mahoney*, where the New York Court of Appeals held that a reporter who claimed to have heard a coach telling a player to "get your head out of your &!(!!(&" did not act with actual malice, even though the reporter

---

and relate to "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. C.R. L. § 76-a.

6

actually heard the coach telling the player to "get your head up." 517 N.E.2d at 1368. Even though the reporter's perception could be described as "entirely false," "[t]here was no evidence to negate the possibility that [he] simply misunderstood" what the coach had said. *Id.* at 1370. Similarly, regardless of whether Plaintiffs actually raped Doherty, Doherty may have perceived their interaction as constituting rape, and Plaintiffs do not allege any specific facts about their interactions with Doherty that plausibly suggest that such a characterization was knowingly false or in reckless disregard of the truth. It is also of no moment that Defendants' accusations were broader than the claims that Doherty ultimately elected to pursue in the Nevada Action, because as the Report and Recommendation explained, a speaker's litigation choice "is not cause to conclude that she knew or should have known her claims were meritless." R&R at 22.

Sixth, Plaintiffs argue that the Report and Recommendation "fails to account for the sealed deposition materials" from the Nevada Action that they submitted in support of their claims. Objections at 21-22. Plaintiffs argue that these materials "support[] the plausibility of [their] allegation that later extrajudicial accusations [made by Defendants] went beyond the allegations contained in the Nevada litigation itself." *Id.* at 22. But as just noted, the fact that Defendants' out-of-court accusations may have been broader than the claims they pursued in the Nevada Action does not show that they knew or recklessly disregarded the fact that their statements were false. The deposition materials thus do not alter the conclusion that Plaintiffs fail to state a claim for relief.

Seventh, Plaintiffs argue that Judge Parker erred in recommending that their tortious interference claim is duplicative of their defamation claims. *Id.* at 22-24. The Court again disagrees. First, as Judge Parker explained, tort claims are duplicative of defamation claims where, as here, "the entire injury complained of by plaintiff flows from the effect on his reputation." R&R

7

at 24-25 (quoting *Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (summary order)).    Indeed, Plaintiffs themselves argue that Defendants' actions satisfied "the wrongful means element" of a tortious interference claim "[b]ecause [Plaintiffs] have plausibly alleged defamation."    Objections at 23 (internal quotation marks omitted).    Additionally, Plaintiffs have not pleaded the required element that Defendants knew of their existing or prospective business relationships, because they "do not allege any facts that indicate that [Defendants] knew of [such] relationships."    R&R at 25.

Eighth, Plaintiffs argue that the Report and Recommendation incorrectly concluded that they fail to plead "extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress ('IIED')."    Objections at 24-25; *see* R&R at 24.    But as Judge Parker explained, Plaintiffs' allegation that Defendants made false accusations against them does not by itself rise to the level of extreme and outrageous conduct.    *See Sylvester v. City of New York*, 385 F. Supp. 2d 431, 442 (S.D.N.Y. 2005) ("Allegedly lying about the circumstances surrounding [a man shot by police officers] does not rise to the level of [extreme and outrageous conduct]."); *cf. Kurschus v. PaineWebber, Inc.*, 16 F. Supp. 2d 386, 389-91, 394-95 (S.D.N.Y. 1998) (sustaining an IIED claim where the defendants allegedly orchestrated a scheme to falsely accuse the plaintiff of sex crimes *and* to have him falsely arrested for sodomy, resulting in his being abused while he was detained).    Furthermore, Plaintiffs have not objected to the Report and Recommendation's conclusion that their IIED claim fails because they do not "plead[] any facts demonstrating that Doherty had the requisite intent to cause emotional distress," R&R at 24, which provides an independent basis to dismiss this claim against her.    *See Lewis*, 573 F. Supp. 2d at 811 ("To accept those portions of the report to which no timely objection has been made, a district

court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)).

Ninth, Plaintiffs argue that the Report and Recommendation improperly recommended dismissal of the claims against King-Doherty for lack of personal jurisdiction, pointing to her "professional connections in New York," her "personal involvement in New York-based institutions," and her alleged acts of "direct[ing] . . . defamatory communications into New York" and "intentionally target[ing] Plaintiffs' New York-based professional relationships and employers."  Objections at 25-26; *see* R&R at 9-13.  This objection too fails.  First, there is no basis for exercising general jurisdiction over King-Doherty because as a non-domiciliary, her contacts with New York are not "so constant and pervasive as to render [her] essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  With regard to specific jurisdiction, Judge Parker correctly explained that under New York Civil Practice Law and Rules Section 302(a), "statements made outside the state directed at the state do not, alone, permit an exercise of personal jurisdiction over a non-resident."  R&R at 12.

Tenth, Plaintiffs argue that the Report and Recommendation incorrectly recommended dismissal with prejudice and that they should be granted leave to amend once again.  Objections at 26-28.  While the Court agrees that the dismissal of the claims against King-Doherty should be without prejudice, as that dismissal is based on the absence of personal jurisdiction, denial of leave to amend as to both Defendants is appropriate.  Plaintiffs have now filed three pleadings in this action and drafted the Second Amended Complaint with the benefit of motion-to-dismiss briefing, Judge Parker's earlier Report and Recommendation, and this Court's prior Opinion and Order adopting that Report and Recommendation—each of which articulated the deficiencies in Plaintiffs' claims.  Leave to amend is properly denied when plaintiffs—*pro se* or not—repeatedly

fail to cure such deficiencies.  *See* R&R at 26 (citing *Moore v. Experian*, No. 23 Civ. 673 (PAE) (SLC), 2023 WL 7169119, at *9-10 (S.D.N.Y. Oct. 13, 2023), *report and recommendation adopted*, 2023 WL 7166158 (S.D.N.Y. Oct. 31, 2023)).

Finally, Plaintiffs object to the Report and Recommendation's observation that they "appear[ed] to have used artificial intelligence to generate hallucinated cases in their brief, mischaracterizing authorities before the Court," R&R at 27.  Objections at 28-30.  But regardless of whether this observation was accurate, it was not the basis for Judge Parker's recommendation that the undersigned dismiss Plaintiffs' Second Amended Complaint.

The Court thus overrules Plaintiffs' objections.  The Court also finds no clear error in the portions of the Report and Recommendation to which Plaintiffs did not properly object.  Indeed, the Court has conducted *de novo* review of the entire Report and Recommendation and finds it to be well-reasoned and its conclusions well-founded.

The Court therefore adopts the Report and Recommendation as modified herein.  Plaintiffs' claims against King-Doherty are dismissed without prejudice and without leave to amend.  Plaintiffs' claims against Doherty are dismissed with prejudice and without leave to amend.  The Clerk of Court is respectfully directed to enter judgment in Defendants' favor and to close this case.

SO ORDERED.

Dated: August 14, 2026
        New York, New York
                                                    _____
                                                    JOHN P. CRONAN
                                                    United States District Judge