# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Mitchell Taylor Button and Dusty Button
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

JULIET DOHERTY AND KRISTA KING-DOHERTY

(List the full name(s) of the defendant(s)/respondent(s).)

24 CV 05026 ( JPC )( KHP )

**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

I move under Federal Rule of Appellate Procedure 24(a)(1) for leave to proceed *in forma pauperis* on appeal. This motion is supported by the attached affidavit.

Sept. 1, 2026
Dated

Signature

Mitchell Taylor Button
Name (Last, First, MI)

101 Ocean Sands Court | Myrtle Beach | SC | 29579
Address | City | State | Zip Code

843-780-8383
Telephone Number

worldofdusty@gmail.com
E-mail Address (if available)

# Application to Appeal In Forma Pauperis

Dusty Button and Mitchell Taylor Button **v.** Juliet Doherty and Krista King-Doherty

Appeal No. Not yet assigned

District Court or Agency No. 24 Civ. 5026 (JPC) (KHP)

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: [signature] | Date: September 1, 2026 |

My issues on appeal are: (<u>required</u>):
Plaintiffs appeal whether the District Court erred in dismissing the Second Amended Complaint at the pleading stage, including whether the Court applied an unduly demanding pleading standard to private defamation allegations; improperly resolved factual inferences concerning falsity, actual malice, timing, and publication against Plaintiffs; dismissed claims against Krista King-Doherty for lack of personal jurisdiction without jurisdictional discovery or further leave to amend; dismissed claims against Juliet Doherty with prejudice; denied leave to amend; and applied New York Anti-SLAPP/actual-malice standards in a manner that prevented discovery on disputed factual issues.

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

| **Income source** | **Average monthly amount during the past 12 months** | | **Amount expected next month** | |
|---|---|---|---|---|
| | You | <u>Spouse</u> | You | <u>Spouse</u> |
| Employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Self-employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 | $ 0 | $ 0 |

| | | | | |
|---|---|---|---|---|
| Interest and dividends | $ 0 | $ 0 | $ 0 | $ 0 |
| Gifts | $ 0 | $ 0 | $ 0 | $ 0 |
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child support | $ 0 | $ 0 | $ 0 | $ 0 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability (such as social security, insurance payments) | $ SNAP | $ SNAP | $ SNAP | $ SNAP |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance (such as welfare) | $ 0 | $ 0 | $ 0 | $ 0 |
| Other (specify): See attached | $ See att. | $ See att. | $ See att. | $ See att. |
| **Total monthly income:** | **$** 0 | **$** 0 | **$** 0 | **$** 0 |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| **Employer** | **Address** | **Dates of employment** | **Gross monthly pay** |
|---|---|---|---|
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |
| N/A | N/A | N/A | $ 0 |

4. *How much cash do you and your spouse have? $* $40 total

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| **Financial Institution** | **Type of Account** | **Amount you have** | **Amount your spouse has** |
|---|---|---|---|
| Bank of America | Checking | $ $40 total | $ same acct |
| Prior BofA acct | closed/overdraft | $ 0 | $ 0 |
| N/A | N/A | $ 0 | $ 0 |

***If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.***

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| **Home** | **Other real estate** | **Motor vehicle #1** |
|---|---|---|
| (Value) $ 0 | (Value) $ 0 | (Value) $ 0 |
| 0 | 0 | Make and year: N/A |
| | | Model: N/A |
| | | Registration #: N/A |

| **Motor vehicle #2** | **Other assets** | **Other assets** |
|---|---|---|
| (Value) $ 0 | (Value) $ 0 | (Value) $ 0 |
| Make and year: N/A | 0 | 0 |
| Model: N/A | 0 | 0 |
| Registration #: N/A | 0 | 0 |

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ 0 | $ 0 |
| N/A | $ 0 | $ 0 |
| N/A | $ 0 | $ 0 |
| N/A | $ 0 | $ 0 |

7. *State the persons who rely on you or your spouse for support.*

| Name [or, if a minor (i.e., underage), initials only] | Relationship | Age |
|---|---|---|
| Child - name protected | Child | 2 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included? [ ] Yes [ ] No<br>Is property insurance included? [ ] Yes [ ] No | $ 0 | $ 0 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0 | $ 0 |
| Home maintenance (repairs and upkeep) | $ 0 | $ 0 |
| Food | $ SNAP | $ SNAP |
| Clothing | $ 0 | $ 0 |
| Laundry and dry-cleaning | $ 0 | $ 0 |
| Medical and dental expenses | $ Medicaid | $ Medicaid |

| | | |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ 0 | $ 0 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ 0 |
| Insurance (not deducted from wages or included in mortgage payments) | | |
| Homeowner's or renter's: | $ 0 | $ 0 |
| Life: | $ 0 | $ 0 |
| Health: | $ Medicaid | $ Medicaid |
| Motor vehicle: | $ 0 | $ 0 |
| Other: | $ 0 | $ 0 |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 0 | $ 0 |
| Installment payments | | |
| Motor Vehicle: | $ 0 | $ 0 |
| Credit card (name): See attached debts | $ See att. | $ See att. |
| Department store (name): N/A | $ 0 | $ 0 |
| Other: | $ 0 | $ 0 |
| Alimony, maintenance, and support paid to others | $ 0 | $ 0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): See attached debts | $ See att. | $ See att. |
| **Total monthly expenses:** | **$** 0 | **$** 0 |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

[ ] Yes [ ] No If yes, describe on an attached sheet.

10. *Have you spent — or will you be spending —any money for expenses or attorney fees in connection with this lawsuit?* [ ] Yes [ ] No

*If yes, how much?* $ 0 ____________

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

See attached supplement and debt schedule. New Bank of America checking account has approx. $40 total.

12. *Identify the city and state of your legal residence.*

City Myrtle Beach State South Carolina

Your daytime phone number: 843-780-8383

Your age: 41 Your years of schooling: 15

Last four digits of your social-security number:
___5550____

# SUPPLEMENT TO IFP APPLICATION

Applicant: Mitchell Taylor Button

Case: Button et al. v. Doherty et al., No. 24 Civ. 5026 (JPC) (KHP)

Appeal: Second Circuit appeal from the August 14, 2026 Opinion and Order and any judgment entered pursuant to that order.

## Statement of Issues on Appeal

1. Whether the District Court erred by dismissing the defamation and defamation-by-implication claims at the pleading stage where the Second Amended Complaint alleged private, out-of-court statements accusing Plaintiffs of serious criminal conduct.
2. Whether the District Court applied an unduly demanding pleading standard by requiring discovery-level details regarding private communications allegedly made outside Plaintiffs' presence and within Defendants' knowledge.
3. Whether the District Court improperly resolved factual inferences concerning falsity, knowledge, actual malice, and Defendants' alleged perception of events against Plaintiffs at the Rule 12 stage.
4. Whether the District Court erred in dismissing claims against Krista King-Doherty for lack of personal jurisdiction without jurisdictional discovery or further amendment, despite allegations of New York-directed conduct and New York-based injury.
5. Whether the District Court abused its discretion by dismissing claims against Juliet Doherty with prejudice and denying leave to amend where Plaintiffs are pro se and the identified issues were potentially curable.
6. Whether the District Court properly applied New York's Anti-SLAPP actual-malice standard at the pleading stage.

## Public Benefits and Other Support

We receive SNAP benefits for food each month in South Carolina, as we meet the eligibility requirements for SNAP and TANF assistance. Our household food allowance is $439.00 per month, covering Dusty Button, Mitchell Taylor Button, and our two-year-old child, born August 8, 2024.

We also receive Medicaid, which covers medical expenses related to the pregnancy, birth of our child, and our own healthcare needs. We expect to continue to receive SNAP and Medicaid in the future as we remain financially eligible. Both benefits were recently renewed.

As a direct result of the defamatory statements made by the named Defendants in this case and related litigation, we lost our ability to work and all sources of income.

We do not receive financial support other than minimal assistance from a family member, who has purchased essential items for our child, such as diapers, toiletries, and other necessities not covered by Medicaid or SNAP. Outside of this limited help, we do not receive any other financial assistance.

## Bank Account Update

We recently opened a new Bank of America checking account after a prior Bank of America account was closed because of an overdraft we could not pay. The new Bank of America checking account currently has approximately $40 total in it.

## Debts and Financial Obligations

- 2 x Bank of America Credit Cards - $7,288.18 / $759.71 (collections).
- 2 x Chase Bank Credit Cards - $1,735.00 / $1,241.75 (collections).
- American Express Credit Card - $1,337.58 (collections).
- 2 x Capital One Credit Cards - $1,046.00 / $750.00 (collections).
- Randazza Legal Group - $273,251.55 (unpaid legal fees; lost counsel due to inability to pay).
- Hunter Warfield - $22,164.15 (collections; eviction-related debt due to litigation).

- Laura Button - $150,000.00 (loans for legal fees, filings, transportation, medical bills, and living expenses since May 13, 2021).
- Anderson Voss - $37,500.00 / $40,000.00 (breached promotional contracts canceled due to Nevada litigation).
- IRS - $9,315.07 (non-collectible status approved due to no income).
- MAGNA Legal Services - $1,270.70 (unpaid deposition invoice).
- Felix Investigations - $125.00 (unpaid subpoena service).

### Consistent Findings of Indigence in Other Jurisdictions

Multiple courts have recently granted Plaintiffs in forma pauperis or indigent status in related or similar litigation:

- Button v. Lopresti, No. 25-cv-867-DMS-DDL (S.D. Cal. July 2025) (IFP granted; U.S. Marshal service ordered).
- Button v. Kingsley, No. 2:25-cv-02619-SMB (D. Ariz. July 2025) (IFP granted; U.S. Marshal service ordered).
- Button v. Jimison, No. 3:25-cv-05622 (W.D. Wash. July 2025) (IFP granted; U.S. Marshal service ordered).
- Button v. Melcher, No. 25-1316 (1st Cir. July 2025) (IFP granted on appeal).
- Button v. Roe, No. 25-1394 (1st Cir. Aug. 2025) (IFP granted on appeal).
- Humphries v. Button, No. 2:21-cv-01412-ART-EJY (D. Nev.) (case proceeding IFP for over four years).
- Button v. McCawley, No. 0:24-cv-60911 (S.D. Fla.) (waiver of PACER fees granted; case now on appeal in the Eleventh Circuit).
- Button v. Humphries, No. 8:24-cv-01730 (C.D. Cal.) (PACER fee waiver granted; case now on appeal in the Ninth Circuit pending IFP).
- PACER fee waivers have also been granted in Button v. Doherty, No. 1:24-cv-05026-JPC-KHP; Button v. The New York Times Co. et al., No. 1:24-cv-05888-MKV; and Button v. Breshears, No. 1:24-cv-03757-MKV.

### Additional Explanation

Plaintiffs have accrued additional debt while litigating pro se and while lacking the ability to pay filing fees, transcript costs, service expenses, legal fees, and ordinary living expenses. Plaintiffs cannot pay the appellate filing fee without sacrificing basic household needs. Plaintiffs receive non-cash, in-kind housing support. Specifically, Plaintiffs are permitted to stay at their current residence in exchange for work/help rather than paying monthly rent in cash. This arrangement does not provide Plaintiffs with wages, income, savings, or funds available to pay the appellate filing fee.

I declare under penalty of perjury that the foregoing is true and correct. Dated: September 1st, 2026.
/s/ Mitchell Taylor Button
Mitchell Taylor Button, pro se