Dusty and Taylor Button
101 Ocean Sands Ct.
Myrtle Beach, SC 29579
Email: worldofdusty@gmail.com

September 5, 2026

**Via Email**
Honorable Mary Kay Vyskocil
United States District Judge - SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl St. New York, NY 10007-1312

**Re: 1:24-cv-05026-JPC-KHP - Notice of Recent Case Development Concerning Defendants' Vexatious-Litigant Argument**

Dear Judge Vyskocil:

Plaintiffs respectfully submit this notice concerning a recent development directly related to Defendants Sabina Mariella and Lindsey Ruff's August 18, 2026 letter, ECF No. 100.

In that letter, Defendants relied on Judge Cronan's August 14, 2026 order in Button v. Doherty et al., No. 1:24-cv-05026-JPC-KHP, as supposed support for their pending request to declare Plaintiffs vexatious litigants and impose a pre-filing injunction. Defendants characterized that order as further proof that Plaintiffs file meritless and abusive lawsuits.

That characterization has now been materially undermined by a later order in the same Doherty case. On September 4, 2026, Judge Cronan granted Plaintiffs leave to proceed in forma pauperis on appeal. The order states: "Leave to appeal in forma pauperis is granted." Button v. Doherty et al., No. 1:24-cv-05026-JPC-KHP, ECF No. 100. Plaintiffs do not contend that the IFP order decides the merits of the Doherty appeal or the merits of this case. It does not. But it is directly relevant to Defendants' attempt to portray the Doherty litigation as frivolous, bad-faith, or vexatious. Defendants specifically asked this Court to treat the Doherty dismissal as evidence supporting the extraordinary remedy of a pre-filing injunction. The later order granting IFP on appeal in that very case cuts against that narrative.

Defendants' August 18 letter was already incomplete. As Plaintiffs previously explained, the Doherty order did not dismiss all claims with prejudice. Claims against Krista King-Doherty were dismissed without prejudice for lack of personal jurisdiction, not on the merits. The order

also expressly recognized that allegations from the Nevada litigation were noticed only as court filings, not for their truth, and did not suggest that those allegations were true. Nor did the Doherty court impose sanctions, declare Plaintiffs vexatious, find bad faith, find harassment, or enter any filing restriction.

Plaintiffs also respectfully submit that Defendants' repeated supplemental letters have become an effort to turn Plaintiffs' persistence into supposed misconduct. Plaintiffs understand that their litigation history is unusual, particularly for pro se parties, and Plaintiffs do not ask the Court to ignore that reality. But unusual **does not mean vexatious**. Plaintiffs did not choose to spend **years** in court for sport or harassment. Plaintiffs are here because serious allegations were made against them, those allegations caused real reputational and personal harm, and Plaintiffs have been forced to fight the consequences of those allegations across multiple proceedings. Defendants and related parties cannot make accusations, benefit from the damage those accusations caused, resist accountability, and then ask this Court to punish Plaintiffs merely for refusing to disappear.

Ironically, Defendants know that the orders they keep filing do not actually establish vexatiousness. None of those orders declares Plaintiffs vexatious, imposes a pre-filing injunction, finds bad faith, finds harassment, or finds that Plaintiffs abused the judicial process. Yet Defendants continue filing **letter after letter**, *pleading* this Court to draw that conclusion anyway, while simultaneously litigating in Nevada, where this dispute began, and representing a plaintiff the Buttons maintain they have **never met**. Those repeated letters do not assist the Court; they burden the Court with serial characterizations of unrelated procedural events that do not satisfy the legal standard Defendants invoke. Plaintiffs will not stop fighting for the truth or seeking redress for harm they believe was caused by false allegations. But that does not make Plaintiffs vexatious. It makes them litigants asking courts to decide disputed issues on the merits. No court has ever found otherwise.

The September 4 order further confirms that Defendants are attempting to convert ordinary litigation events, including adverse pleading-stage rulings and appellate filings, into a sweeping character attack. That is not the Safir inquiry. A pre-filing injunction is an *extraordinary remedy*, and Defendants still have not identified **any order** from any court finding that Plaintiffs are vexatious litigants, abused process, or should be subjected to a filing restriction.

Plaintiffs respectfully request that the Court consider this recent development when evaluating Defendants' pending vexatious-litigant motion and give no weight to Defendants' August 18 letter beyond the actual contents of the Doherty orders.

Respectfully dated this 5th day of September, 2026

/s/ ______________________________
Mitchell Taylor Button and Dusty Button (*pro se*)